UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRI HAWKINS,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 18-cv-12035

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

_____/

### ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#6] DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS [#2]

### I. INTRODUCTION

This matter is before the Court on Plaintiff Sherri Hawkins' Application to Proceed in District Court without Prepaying Fees or Costs. Dkt. No. 2. This Court referred the matter to Magistrate Judge Elizabeth A. Stafford on June 28, 2018. Dkt. No. 3. Magistrate Judge Stafford issued a Report and Recommendation on July 10, 2018, recommending that this Court deny Plaintiff's Application. Dkt. No. 6. On July 23, 2018, Plaintiff filed an Objection. Dkt. No. 7. For the reasons discussed below, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and denies Plaintiff's Application.

1

## II. ANALYSIS

This Court employs "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. U.S.*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012).

Plaintiff submitted her Application to Proceed without Prepaying Fees or Costs on June 28, 2018. Dkt. No. 1. In her Application, Plaintiff stated that she is employed by AHS Community Services, Inc ("AHS"). Dkt. No. 1, pg. 1 (Pg. ID 4). Plaintiff listed her take home pay as $818.86 every two weeks from AHS. *Id.* Plaintiff also reported that she receives approximately $948.00 per month in early retirement Social Security, and $134.00 is taken out of her Social Security every month to pay back overpayments. *Id.* Plaintiff stated that she has the following monthly expenses: $565.00 for rent, $465.70 for a $24,000 credit card debt, $240.00 for cable, and $90.00 for electricity. *Id.* at pg. 2 (Pg. ID 5). Plaintiff declared that she has no official dependents. *Id.* However, Plaintiff has two adult

children with mental illness who she helps with some expenses every month, such as food. *Id.*

Magistrate Judge Stafford recommended denying Plaintiff's request to proceed without prepaying costs. Dkt. No. 6. Magistrate Judge Stafford determined that Plaintiff has gross wages of approximately $2,000.00 per month. *Id.* at pg. 2 (Pg. ID 12). These wages exceed the costs of filing a complaint, which is approximately $500.00. *Id.* Therefore, Magistrate Judge Stafford concluded that Plaintiff is not blocked from access to the courts by her financial condition. *Id.* Rather, Plaintiff must weigh her financial constraints against the merits of her claims. *Id.*

Plaintiff filed her Objection on July 23, 2018. Dkt. No. 7. Plaintiff's Objection details her financial constraints with greater specificity and concludes that Magistrate Judge Stafford reached the incorrect conclusion. *See id.*

Plaintiff's Objection states that from now until August of 2018, her Social Security payments will be $628.00 per month instead of approximately $814.00 per month. *Id.* at pg. 2 (Pg. ID 16). Plaintiff also asserts that in August, her take home pay will be $368.00 less per month than what she reported on her Application. *Id.* Therefore, Plaintiff's take home pay in August 2018 will be

approximately $1900.00 per month.[1] This figure is similar to the $2000.00 monthly gross wages that Magistrate Judge Stafford described in her Report and Recommendation. Thus, Plaintiff's change in income is insignificant to merit a reconsideration of her Application.

Plaintiff's Objection further asserts that she has had unexpected expenses come up which limit her ability to pay the filing fee. Plaintiff states that she has had to help her son pay for food, vitamins, band aids, and slippers. Dkt. No. 7, pg. 4 (Pg. ID 18). Plaintiff continues to help her son with his monthly food expenses. *Id.* at pg. 5 (Pg. ID 19). Additionally, Plaintiff sometimes helps her son pay for his Medicaid co-payment. *Id.* Plaintiff recently bought her daughter a new office chair, which cost $65.00–70.00. *Id.* Plaintiff also loans her daughter money for food often. *Id.* at pg. 6 (Pg. ID 20).

This Court finds that Plaintiff's Objection is not sufficient to overrule Magistrate Judge Stafford's Report and Recommendation. Plaintiff's monthly income is approximately $1,900.00. The filing fee is approximately $500.00. Plaintiff has monthly expenses, including debt, and she helps her children. However, like any prudent individual, Plaintiff must budget and make allowance for the filing fee along with her other monthly expenses.

---

[1] $628.00 (Social Security) + $818.86 (bi-weekly take home pay) + $818.66 (bi-weekly take home pay) - $368.00 (August decline in take home pay) = $1897.72, or approximately $1900.00.

## III. Conclusion

Upon review of the Plaintiff's Application, Objection, and the Magistrate Judge's Report and Recommendation, the Court concludes that the Magistrate Judge reached the correct conclusion. Accordingly, Plaintiff's Objection [#7] is OVERRULED. The Court hereby ACCEPTS AND ADOPTS Magistrate Judge Elizabeth A. Stafford's July 10, 2018 Report and Recommendation and DENIES Plaintiff's Application to Proceed without Prepaying Fees or Costs.

SO ORDERED.

Dated:     August 1, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge