UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRI HAWKINS,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Civil Action No.: 18-12035
Honorable Gershwin A. Drain
Magistrate Judge Elizabeth A. Stafford

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST TO MAKE PARTIAL PAYMENTS [ECF NO. 10]

On June 28, 2018, Plaintiff Sherri Hawkins filed her complaint and an application to proceed *in forma pauperis.* [ECF No. 1, 2]. Her application to proceed *in forma pauperis* was denied when the Honorable Gershwin A. Drain issued an order accepting and adopting this Court's report and recommendation to deny Hawkins application to proceed without prepaying fees or costs. [ECF No. 6, 8]. This Court subsequently ordered Hawkins to pay the filing fee by September 4, 2018, and warned that her "failure to remit payment timely may result in this case being dismissed for failure to prosecute." [ECF No. 9, PageID.28]. In lieu of payment, Hawkins submitted a request to satisfy her filing fee in monthly installments. [ECF No. 10].

As set forth in this Court's earlier report and recommendation, 28 U.S.C. § 1915(a) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." To determine whether to grant an IFP application, the court considers the applicant's employment status, annual salary, assets (including real estate and automobiles), and financial resources available from the claimant's spouse (if any). *Carroll v. Onemain Fin. Inc.*, No. 14-CV-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015). "An affidavit to proceed IFP is sufficient if it states that one cannot, because of poverty, afford to pay for costs of litigation and still provide the litigant and his or her family the necessities of life." *Id.* Courts have denied IFP applications where applicants have had assets and/or income that exceed the cost of filing the complaint. *Beres v. Comm'r of Soc. Sec. Admin.*, No. 1:14CV01448, 2014 WL 3924634, at *2 (N.D. Ohio Aug. 11, 2014) (listing cases).

Here, Hawkins' original IFP application reflects that she has gross wages of roughly $2,000 per month, and collects early retirement. [ECF No. 2]. This Court recommended that her application be denied, as "[her] access to court is not blocked by [her] financial condition, but rather [s]he is

properly in the position of having to weigh the financial constraints posed by pursuing [her] complaint against the merits of [her] claims." *Carroll*, 2015 WL 404105, at *3. Judge Drain accepted and adopted the recommendation, denying Hawkins' IFP application. Notably, the decision to permit a litigant to proceed IFP is within the court's discretion. *Id.* at *2. And in its *de novo* determination of this Court's report and recommendation, Judge Drain was free to "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Thus, if Hawkins' financial condition compelled an installment plan, Judge Drain could have partially modified this Court's recommendation to so require. He did not. Nor does Hawkins' successive request indicate a change in her financial condition; it does not warrant reconsideration of the denial of her original IFP application.

The Court thus **RECOMMENDS** that Hawkins' request be **DENIED** and Hawkins ordered to remit full payment of the filing fee. Hawkins should again be warned that her failure to pay her filing fee may result in the dismissal of her complaint.

Dated: September 24, 2018         s/ Elizabeth A. Stafford
Detroit, Michigan        ELIZABETH A. STAFFORD
       United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 24, 2018.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager